**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 01:34 PM November 27, 2012**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| FRANKLIN BRONER, | ) | CASE NO. 12-61867 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION (NOT** |
| | ) | **INTENDED FOR PUBLICATION)** |
| | ) | |

On October 22, 2012, Debtor filed an amended motion requesting a waiver of the requirement to complete the financial management course. Although there were no objections to the motion, the court cannot approve it.

The court has jurisdiction of this case under 28 U.S.C. § 1334 and General Order 2012-7 dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

### DISCUSSION

According to the motion, after Debtor filed his chapter 7 petition, he fell and was

hospitalized. As a result of the fall, his mobility is limited and he is currently residing in a nursing home. He contends that he is entitled to a waiver of the financial management course requirement because he does not have internet access and his cell phone cannot maintain the two hour connection necessary to complete the course.

As a precondition to discharge, a debtor must complete a financial management course. 11 U.S.C. § 727(a)(11). Waivers of the requirement are available in accordance with 11 U.S.C. § 109(h)(4), id, and may be given for "incapacity, disability, or active military duty in a military combat zone." 11 U.S.C. § 109(h). The code provides definitions for incapacity and disability:

> [I]ncapacity means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities; and "disability" means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1).

Nothing in the motion indicates he qualifies as incapacitated, so the court interprets his motion to be a request for a waiver based on disability. The court finds that the allegations of limited mobility do not rise to the type of impairment intended to provide a basis for waiver under the statute.

Further, the statute also places a "reasonable effort" requirement on the disability prong, which Debtor has not demonstrated. There is no indication Debtor attempted to make arrangements to use a land line at the nursing home to complete the course. On this point, the Bankruptcy Appellate Panel's Anderson decision is instructive. In re Anderson, 397 B.R. 363 (B.A.P. 6th Cir. 2008). The Anderson debtor argued his incarceration was a disability, which the court rejected. Although he could not attend in person and general policies prevented access to the internet and phones, the debtor admitted that he could request a court order for use of the jailhouse phones to take the course. The implicit suggestion in Anderson is that if a debtor has a viable way to fulfill the credit counseling requirement, the debtor cannot claim a disability.

Debtor failed to demonstrate physical impairment that, after reasonable effort, prevents him from taking the financial management course. Debtor's motion is denied and an order will be entered immediately.

# # #

**Service List:**

James R. Galehouse
401 W. Tuscarawas St. NW
Suite 400
Canton, OH 44702

Franklin Broner
418 Tremont Rd SE #2
Massillon, OH 44646

Anthony J. DeGirolamo
Courtyard Centre, Suite 307
116 Cleveland Ave., N.W.
Canton, OH 44702